# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| Shahidah Adams | Civil Action No. |
| Plaintiff | |
| v. | |
| Experian Information Solutions, Inc. | |
| | Complaint |
| And | |
| Verizon Communications, Inc. | And |
| Defendants | |
| | Demand for Jury Trial |

## COMPLAINT

NOW COMES Plaintiff, Shahidah Adams**,** (hereafter the "Plaintiff") by and through undersigned Counsel, whom through this complaint against the Defendants allege the following:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act)

## JURISIDICTION AND VENUE

2.          Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. §1331.

3.          Venue in this District is appropriate under 28 U.S.C. §1391(b)(1) because Defendant, Experian, is a citizen of the Eastern District of Texas, as defined under 28 U.S.C. §1391(c)(2).

## PARTIES

4.          Plaintiff is a natural person and citizen of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5.          Defendant Experian Information Solutions, Inc., (hereafter Experian) is a foreign For-Profit Corporation registered to do business and doing business in Texas. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f) and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.  Defendant is currently doing business in Texas and has a corporate office in Allen, Texas.

6.          Defendant, Verizon Communications, Inc., (hereinafter Verizon), is a data furnisher that reports consumer tradelines to Experian. Defendant is a "furnisher" of information as defined by 15 U.S.C § 1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer agencies about consumer transactions. Defendant is currently doing business with consumers in Texas, as well as thousands of consumers in the Sherman County area.

2

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.      Verizon attempted to collect an alleged debt from Plaintiff, identified by Account # 3035.

8.      Experian is a consumer reporting agency. Experian assembles, evaluates, and disburses information concerning consumers for the purpose of furnishing consumer reports. In addition, when Experian maintains credit information to be reported/published, the information is used in determining credit scores.

9.      Verizon instructed Experian to maintain, publish and report Plaintiff's alleged debt, identified by the Account # 3035.

10.     Plaintiff disputed the Verizon account directly with Experian with a detailed dispute letter dated 09/12/2018, as required by the FRCA. After Experian received Plaintiff's dispute, they communicated the dispute with Verizon. When Verizon communicated the results of their "investigation" to Experian, they re-aged the account by modifying "account history", and Experian allowed Verizon to re-age the account.  After Verizon modified the account history, Plaintiff's account history no longer displayed a full and accurate history of plaintiff's account. The correct reporting is to report the account's entire history to show its correct age and to allow it to age properly for purposes of accurate credit scores.

11.     After Experian's "investigation" of Plaintiff's dispute, Plaintiff discovered that the Verizon's "Date of Status" dates were re-aged.

12.     Plaintiff's Verizon "Date of Status" dates were re-aged.  Plaintiff's "Date of Status" date was changed from 09/2017 to 10/2017.

13.     By removing account history, Verizon is causing Experian's "Date of Status" dates to re-age to a fresh and new date, causing damage. Since the account history is modified, it converts the older delinquency into a much newer delinquency.  The more recent the delinquency, the more it negatively effects credit ratings and scores. FICO credit scores are used in 90% of all credit decisions. As per FICO, the more recent the delinquency, the more it damages credit scores.  Experian even uses FICO model 8.

14.     Verizon re-aged their accounts each time that they conducted an "investigation" into a consumer dispute, and Experian allowed them to re-age the account. Verizon and Experian penalized Plaintiff for exercising a statutory right to dispute inaccurate information.

15.     Experian did not provide a good faith investigation into Plaintiff's dispute.

16.     Experian did not follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit data.

17.     Experian is allowing Verizon to remove account history, causing Experian's "Date of Status" date to be re-aged. The information that Experian is allowing is both inaccurate and misleading.

18.     Verizon is providing credit information that they know or should know is inaccurate and misleading.

19.     The Date of Status date should be the day the debt was deemed uncollectable. Verizon deleted their account history, and Experian allowed Verizon to delete history/information that would re-age the "Date of Status" date. *Please see Toliver*

4

*v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 725 (S.D. Tex. 2013) ("'Date of Status' is a date that should mark the day a debt was deemed uncollectible and thus charged off." A creditor presented with Toliver's Experian credit report could reasonably interpret the "Date of Status" entry to mean exactly that")

20.     Re-aging accounts by changing the Date of Status date is misleading. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 727 (S.D. Tex. 2013) ("Date of Status" entry was "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.")

21.     Experian should have discovered the misleading information if they would have provided a good faith reasonable investigation. It has already been determined that Experian does not conduct reasonable investigations into the re-aging of the "Date of Status" dates. *Please see Toliver v. Experian Info. Solutions, Inc.,* 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (Toliver's Experian credit reports contained a "Date of Status" that a reasonable jury could find misleading, and Experian "could have uncovered the inaccuracy 'if it had reasonably reinvestigated the matter.' " *DeAndrade,* 523 F.3d at 68 (quoting *Cushman,* 115 F.3d at 226).)

22.     These accounts are not only inaccurate but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit ruled that even a technical accuracy can be so misleading to the point that it is no longer accurate, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988), a consumer report is inaccurate if it is "misleding in such a way and to such an extent that it may be expected to adversely affect credit decisions."

5

23.     The reporting of this credit information on Plaintiff's credit reports negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. This information was furnished by Verizon and reported by Experian, misrepresenting the account history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit reports, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

24.     Plaintiff's credit reports and file have been obtained and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit. The inaccurate information furnished by Verizon, and reported by Experian, is continuing to damage the Plaintiff's credit rating.

25.     As a result of conduct of Experian and Verizon, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

26.     As a result of the conduct of Experian and Verizon Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

27.     At all times pertinent hereto, Experian and Verizon were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28.     At all times pertinent hereto, the conduct of Experian and Verizon, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

29.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30.     All causes of action were causes of the damages which Plaintiff suffered.

### Count I: Fair Credit Reporting Act

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     This suit is brought against the Defendants as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney' s fees.

15 U.S.C. §1681n, "**Civil Liability for Willful Noncompliance**" reads:

(a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

And, 15 U.S.C. §1681o, "**Civil Liability for Negligent Noncompliance**" reads:

(a)     Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *Experian's FCRA violations*

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     Experian violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute.

35.     Plaintiff disputed information regarding the re-aging of the Verizon account. However, Experian did not provide a reasonable investigation into the disputed account as required by the Fair Credit Reporting Act.

36.     The Plaintiff obtained a new credit report/disclosure on 01/25/2019 displaying the results of their dispute of the Verizon account.

37.     On 01/25/2019, Plaintiff discovered that the "Date of Status" dates were re-aged. The changes for the Plaintiff were as follows:

Plaintiff's Verizon account: Date of Status Changed from 09/2017 to 10/2017.

38.     Experian allowed Verizon to re-age the account, just because Plaintiff exercised a statutory right to dispute the accuracy of the account.

39.     Verizon is and Experian is allowing Verizon to re-age Plaintiff's accounts by erasing account history. The account history is used to determine the age of an account. Because the account history starts all over, it converts the older delinquencies into much newer and more recent delinquencies.

40.     If Experian would have conducted a reasonable and good faith investigation, they should have determined that Verizon was erasing account history, causing Experian's "Date of Status" date to be re-aged to a newer date. The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(A) reads:

a)   Reinvestigations in case disputed information

(1) Reinvestigation required

> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

> (A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>
> > (i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
> >
> > (ii)    promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

41.     Experian violated 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian would have followed reasonable procedures to assure maximum accuracy, Experian would not have allowed Verizon to re-age their accounts.

42.     Verizon is, and Experian is allowing Verizon to re-age Plaintiff's accounts by erasing account history. Since the account history starts all over, it converts the older delinquency into a much newer and more recent delinquency.

43.     Experian is allowing Verizon to erase their account history, causing Experian's "Date of Status" date to be re-aged to a newer date.

Section 15 U.S.C. §1681e(b) reads:

(b)Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates

### ***Verizon's FCRA violations***

44.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45.     Verizon violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiffs' notice of dispute and failing to delete or correct the inaccurate information. After receiving a dispute notice from Experian, Verizon did not give a good faith and reasonable investigation into the inaccurate information that was disputed by Plaintiffs. Verizon should have discovered that the information they are providing Experian was inaccurate. Verizon is re-aging Plaintiffs' accounts, converting older delinquencies to

new delinquencies, all by erasing the account history. For Verizon to be liable under 15 U.S.C. §1681, Plaintiffs must dispute the accounts with Experian, Experian then contacts Verizon regarding the disputes, which they did, and Verizon is required to conduct a good faith and reasonable "investigation" and provide Experian with corrected credit data or delete the trade line. The credit data that Verizon is providing Experian is false, misleading and inaccurate and if Verizon would have conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1)     After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute _with_ regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A)     conduct an investigation with respect to the disputed information:

(B)     review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)     report the results of the investigation to the consumer reporting agency;

(D)     _if_ the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(E)     if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly

(i)     modify that item of information

(ii)     delete that item of information

(iii)     permanently block the reporting of that item of information

46.     Verizon is erasing their account history and is causing Experian's "Date of Status" dates to re-age to a more recent and newer date, causing damage.  The more recent the delinquency, the more it negatively effects credit ratings and scores.

47.     By re-aging and manipulating of the account history older delinquencies to report and reflect more current and newer delinquencies, Verizon and Experian artificially lowered Plaintiff's credit scores more than if the account was being reported accurately. In addition, Potential lenders look at how recent delinquencies are on a credit report when evaluating loan risks, the more recent the delinquency the higher the financial risk. The re-aging of the account makes the older accounts look new again and thus at a higher risk for default.

48.     The conduct of Experian and Verizon was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

49.   As a result of Experian and Verizon's conduct, Plaintiff has suffered emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

50.   As a result of Experian and Verizon's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

51.   At all times pertinent hereto, Experian and Verizon were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

52.   At all times pertinent hereto, the conduct of Experian and Verizon as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

53.   Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Experian and Verizon based on the following requested relief:

(a)   Actual damages pursuant to 15 U.S.C. §1681

(b)   Statutory damages pursuant to 15 U.S.C. §1681

(c)   Punitive damages pursuant to 15 U.S.C. §1681

(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e)Such other and further relief as may be necessary, just and proper.

Dated:  January 25, 2021

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd, Suite 101 #504
Rockwall, TX 75032
jonathan@geauxlaw.com
Telephone: 225-412-2777

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
McCarty & Raburn, A Consumer Law Firm, PLLC
 2931 Ridge Rd, Suite 101 #504
 Rockwall, TX 75032
dennismccartylaw@gmail.com
Telephone: 817-704-3375
Fax (817) 887-5069